**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**JAMES P. McCOY PHOTOGRAPHY, INC.,**

                              **Plaintiff,**

**v.**                                                                      **08-CV-0612A(Sr)**

**BUFFALO NIAGARA CONVENTION &**
**VISITORS BUREAU, INC., et al.,**

                              **Defendants.**

---

### DECISION AND ORDER

        This matter was referred to the undersigned by the Hon. Richard J.

Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and

report upon dispositive motions.  Dkt. #10.


        On January 18, 2008, plaintiff commenced an action entitled *James P.*

*McCoy Photography, Inc. v. Buffalo Niagara Convention & Visitors Bureau, Inc., In-Ter-*

*Space Services, Inc. and Robin Color Lab, Inc.*; Case No. 08-CV-50A ("Action No. 1").

As set forth in the complaint, the nature of Action No. 1 was copyright infringement.

Action No. 1, Dkt. #1.  Specifically, the action related to one photograph of Niagara

Falls taken by James P. McCoy.  Action No. 1, Dkt. #1, ¶ 15.  On February 28, 2008,

forty-one (41) days after commencing Action No. 1, plaintiff voluntarily dismissed the

action without prejudice pursuant to Rule 41(a)(1)(I) of the Federal Rules of Civil

Procedure.  Action No. 1, Dkt. #4.

On August 14, 2008, plaintiff commenced an action entitled *James P.
McCoy Photography, Inc. v. Buffalo Niagara Convention & Visitors Bureau, Inc., In-Ter-
Space Services, Inc. d/b/a Interspace Airport Advertising and Robin Color Lab, Inc.
d/b/a Robin Imaging Services*; Case No. 08-CV-0612A ("Action No. 2").  Action No. 2,
Dkt. #1.  On October 27, 2008, defendant Buffalo Niagara Convention & Visitors
Bureau, Inc. filed a motion to stay Action No. 2 pursuant to Rule 41(d) of the Federal
Rules of Civil Procedure.  Action No. 2, Dkt. #3.  The Motion, presently before this
Court, seeks a stay of Action No. 2 "unless and until James P. McCoy Photography,
Inc. reimburses the CVB [Buffalo Niagara Convention & Visitors Bureau, Inc.] its
reasonable expenses incurred in connection with defending an action filed by Plaintiff,
dismissed by Plaintiff, and subsequently recommenced by Plaintiff McCoy."  Action No.
2, Dkt. #6.  In other words, before it engages in a defense of Action No. 2, defendant
Buffalo Niagara Convention & Visitors Bureau, Inc., seeks recoupment of a portion of its
costs and fees (described during oral argument as in the thousands of dollars) incurred
in connection with its investigation and preparation of a defense in Action No. 1.

A short time after being served with a copy of the complaint, the Buffalo
Niagara Convention & Visitors Bureau, Inc. retained Jaeckle Fleischmann & Mugel,
L.L.P., B. Kevin Burke, Jr., Esq., to represent it in connection with Action No. 1.  Action
No. 2, Dkt. #4, ¶ 4.  Prior to February 28, 2008, Attorney Burke reviewed the complaint

-2-

in Action No. 1, and met with representatives of the Buffalo Niagara Convention &

Visitors Bureau, Inc.[1], and Jaeckle Fleischmann & Mugel, L.L.P. completed its initial

investigation of the claims and had prepared a draft Answer to the complaint.  Action

No. 2 Dkt. #4, ¶¶ 5-7.


              During oral argument on defendant Buffalo Niagara Convention & Visitors

Bureau, Inc.'s motion to stay held on January 8, 2009, it was revealed that prior to

embarking on the investigation and legal work discussed above, Jaeckle Fleischmann &

Mugel, L.L.P. did not first investigate whether a copyright was in fact registered with the

Register of Copyrights at the United States Copyright Office.  At some point prior to the

voluntary dismissal of Action No. 1, Jaeckle Fleischmann & Mugel, L.L.P. did, however,

discover that there was no copyright on file with the United States Copyright Office for

plaintiff's photograph at issue in Action No. 1.  Also during oral argument, Attorney

Burke did not disagree with the Court that his first step after being retained by the

Buffalo Niagara Convention & Visitors Bureau, Inc. should have been to search the

Copyright Register.  In fact Attorney Burke conceded that a search of the Copyright

Register was among one of the earliest stages of the work performed, although clearly

it was not the first step.  Attorney Burke further agreed with the Court that immediately

upon learning that there was no registration, he would have been in a position to

---

[1] During oral argument, Attorney Burke stated that he met with representatives
from the Buffalo Niagara Convention & Visitors Bureau, Inc. eleven times between the
filing/service of the complaint and February 28, 2008.

prepare a motion to dismiss for lack of jurisdiction, thereby obviating the need for some,

if not all, of the investigating and legal work for which he, on behalf of his client, now

seeks reimbursement.

Moreover, it was also revealed during oral argument that prior to

commencing Action No. 1, counsel for plaintiff, Michael F. McPartlan, Esq., of Mark J.

Frentzel's Office, had failed to investigate whether there were any conditions precedent

to filing a copyright infringement action, *to wit*, the registration of a copyright with the

United States Copyright Office.  Because there was no copyright on file with the United

States Copyright Office for the photograph at issue, plaintiff was unable to satisfy the

condition precedent to commencing an action for copyright infringement and

furthermore, absent a legally cognizable copyright claim, this Court would not have had

jurisdiction over the dispute.  Accordingly, upon learning of the error, plaintiff

immediately filed a Notice of Dismissal of Action No. 1.  Action No. 1, Dkt. #4.

Thereafter, on or about April 30, 2008, the photograph at issue was registered with the

United States Copyright Office.  Action No. 2, Dkt. #1, ¶ 17.

Rule 11(b)(3) of the Federal Rules of Civil Procedure provides in pertinent

part:

> **Representation to the Court.**  By presenting to the court a
> pleading, written motion, or other paper - whether by signing,
> filing, submitting, or later advocating it - an attorney ...
> certifies that to the best of the person's knowledge,
> information, and belief, formed after an inquiry reasonable

> under the circumstances: ... (3) the factual contentions have
> evidentiary support or, if specifically so identified, will likely
> have evidentiary support after a reasonable opportunity for
> further investigation or discovery.

Fed. R. Civ. P. 11(b)(3).  As discussed above, at the time plaintiff commenced Action

No. 1, the factual allegations in the complaint concerning the photograph of Niagara

Falls taken by James P. McCoy, together with the conclusory allegations concerning

copyright infringement on the part of the defendants lacked evidentiary support as

required by Rule 11(b)(3).

In addition to plaintiff's counsel's failure to comply with Rule 11, the

absence of a registered copyright was easily discernable by counsel for the Buffalo

Niagara Convention & Visitor's Bureau, Inc. wherein and whereby a paralegal could

have easily searched the United States Copyright Office's website at

www.copyright.gov, which check could have been completed in a matter of minutes at

no cost, making a substantial portion, if not all, of the legal work set forth in defendant's

motion and for which defendant seeks reimbursement, unnecessary.  Defense

counsel's failure to first ascertain whether a copyright for the photograph at issue had

been properly registered with the United States Copyright Office needlessly increased

the costs and attorneys fees incurred to defend Action No. 1 and likewise increased the

costs and attorneys fees for which defense counsel now seeks reimbursement.

Accordingly, defendant Buffalo Niagara Convention & Visitors Bureau,

Inc.'s motion to stay (Action No. 2, Dkt. #3) is **DENIED** as to defendant's request to stay

this action, and **GRANTED** as to defendant's request for partial reimbursement for its

costs incurred in Action No. 1, i.e., the sum of $500; and this Court orders counsel for

plaintiff to pay defendant Buffalo Niagara Convention & Visitors Bureau $500 which this

Court finds is more than sufficient to cover the costs defendant would have incurred

had counsel for defendant first conducted search of the United States Copyright

Office's website and thereafter prepared a motion to dismiss for lack of jurisdiction.


      **SO ORDERED.**


DATED:     Buffalo, New York
            February 5, 2009

                        **s/ H. Kenneth Schroeder, Jr.**
                        **H. KENNETH SCHROEDER, JR.**
                        **United States Magistrate Judge**